NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7099

GLENDA BROOME,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Glenda Broome, of Easley, South Carolina, pro se.

Michael D. Austin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Harold D. Lester, Jr., Assistant Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel; and Amy M. McAtee, Staff Attorney, United States Department of Veterans Affairs, Office of the General Counsel, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-7099

GLENDA BROOME,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 06-1261, Judge Robert N. Davis.

_____

DECIDED: September 4, 2008
_____

Before MICHEL, <u>Chief Judge</u>, MAYER, <u>Circuit Judge</u> and STEARNS, <u>District Judge</u>*.

PER CURIAM.

Glenda M. Broome appeals a portion of the judgment of the Court of Appeals for Veterans Claims, which affirmed the Board of Veterans' Appeals decision denying her claim for service-connection for the cause of her husband's death, and therefore her claim for dependency and indemnity compensation. <u>Broome v. Peake</u>, No. 06-1261

_____

\* The Honorable Richard G. Stearns, District Judge, United States District Court of Massachusetts, sitting by designation.

(Vet. App. Mar. 3, 2008). We affirm-in-part and dismiss-in-part.

The veteran died on June 1, 2001, of intracerebral hemorrhage due to spontaneous rupture of a cerebral vessel. Prior to his death, service connection was established for degenerative arthritis and multiple sebaceous cysts. He was granted total disability based on individual unemployability due to his service-connected disabilities effective January 1, 2000.

Broome's assertion of clear and unmistakable error ("CUE") on the board's failure to grant claims by the veteran for 100 percent disability prior to January 1, 2000, is not ripe for review because she has yet to file such a claim with the VA regional office ("RO"). Each claim of CUE underlying a request for revision of a previous RO decision must be presented to and adjudicated by the RO in the first instance. Similarly, her new claim of service-connection for Agent Orange exposure first must be presented to the RO for adjudication. Because those issues were raised for the first time on appeal, we affirm the Veterans Court's decision not to address them.

Broome also claims that the board and the Veterans Court erred in concluding that the veteran's intracerebral hemorrhage was not a result of his service-connected degenerative arthritis. We see no legal error in the Veterans Court's conclusion that the veteran's service-connected disabilities were not causally connected to his death. See 38 U.S.C. § 1310; 38 C.F.R. § 3.312. Credibility of expert testimony is a question of fact, and it was not inappropriate for the board to weigh the expert medical opinions on record for their probative values in determining whether the veteran's cause of death was service-connected. Contrary to Broome's contention, the board was not required to consult with medical experts outside of the Department of Veterans Affairs ("DVA").

Indeed, it is up to the board's judgment to decide whether a case is of such medical complexity or controversy as to warrant an advisory medical opinion from one or more medical experts who are not available within the DVA. 38 U.S.C. § 7109; 38 C.F.R. § 20.901(d). Even if the board concludes that such an advisory medical opinion is warranted, it has some discretion to decide whether to seek one. 38 U.S.C. § 7109(a) (stating that, in such a case, "the Board <u>may</u> secure an advisory medical opinion from one or more independent medical experts who are not employees of the Department") (emphasis added).

We have considered Broome's remaining arguments, and conclude that they each (1) challenge a factual conclusion reached by the board or the Veterans Court, and (2) fail to raise a constitutional issue. Because we lack authority to review either "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" absent a constitutional issue, 38 U.S.C. § 7292(d)(2), we <u>dismiss</u> the remainder of her appeal.